IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BINYAMIN EL,<br><br>               Plaintiff,<br><br>vs.<br><br>ABBI RAMSHEK, CAROLINE SOJKA, NATHAN KLEIN, EMILY MEDCALF, and GEORGE THOMPSON,<br><br>               Defendants. | 8:25CV38<br><br>MEMORANDUM AND ORDER |

Plaintiff Binyamin El filed a Complaint on February 3, 2025. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Court will consider Plaintiff's affidavit, Filing No. 6, as supplemental to the Complaint.

### I. SUMMARY OF COMPLAINT

When Plaintiff filed his Complaint, he was a pretrial detainee confined in the Douglas County Department of Corrections in reference to a pending criminal case, CR21-2935, in the District Court of Douglas County, Nebraska (the "Criminal Case"). Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242 against two public defenders, Abbi Ramshek and Caroline Sojka; two prosecutors, Nathan Klein and Emily Medcalf; and Judge George Thompson, all of whom are alleged to be involved in the Criminal Case (collectively "Defendants").

Plaintiff's statement of his claim consists of the following:

    In reference to case no. CR21-2935, Abbi Romshek, Caroline Sojka, and George Thompson acts on my behalf without my consent. I am

compelled by way of extraction order to be present at there [sic] court actions.  When I am there, I express on the record that I do not consent to work with the court appointed public defenders and that I do not consent to the actions of their court.  They ignore my statements and proceed anyway; therefore conspiring against me and depriving me of my natural inherent right to autonomy.

George Thompson, Nathan Klein, and Emily Medcalf are using Nebraska statutes to conspire against me and deprive me of my natural inherent right to liberty and autonomy.

Filing No. 1 at 4 (punctuation and capitalization corrected).

For relief, Plaintiff seeks to have Defendants "cease and desist their actions immediately and . . . [his] release from unlawful detainment." *Id*.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Upon review, the Court finds Plaintiff's Complaint fails to state a plausible claim for relief and must be dismissed.

### A.  18 U.S.C. §§ 241 and 242

As an initial matter, Plaintiff cannot proceed under, or obtain relief pursuant to, 18 U.S.C. §§ 241 and 242 as they are criminal statutes that do not provide private rights of action. See United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) (recognizing "there is no private right of action under § 241"); Carter v. Muldoon, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018) (dismissing claims under 18 U.S.C. §§ 241 and 242 "because those sections do not confer a private right of action") (citing cases). Additionally, to the extent Plaintiff seeks relief in the form of punishing Defendants under the statutes, such relief cannot be obtained as "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 . . . ." Welch v. S. Wolf, No. 4:23CV3254, 2024 WL 5186893, at *2 (D. Neb. Dec. 20, 2024) (quoting Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) and citing Horde v. Elliot, No. 17-CV-0800 (WMW/SER), 2018 WL

3

987683, at *10 (D. Minn. Jan. 9, 2018) (collecting cases supporting "well-settled" conclusion that "18 U.S.C. § 242 does not provide a private right of action")).

As no relief is available to Plaintiff under 18 U.S.C. § 241 and/or 18 U.S.C. § 242, any claims or relief sought under either statute must be dismissed.  The Court declines to give Plaintiff an opportunity to amend his Complaint to state a cognizable claim for relief because the Court concludes that abstention is appropriate based on *Younger v. Harris*, 401 U.S. 37 (1971).

**B.  *Younger* Abstention**

Not only has Plaintiff failed to allege a cognizable claim for relief under 18 U.S.C. §§ 241 and 242, but the Court also concludes it must abstain from granting Plaintiff the relief he seeks pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

The abstention doctrine set forth in *Younger v. Harris*, directs that "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions."  *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012).  Absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal court proceedings.  *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions.").

Here, Plaintiff asks this Court for injunctive relief requiring Defendants to cease and desist their actions with respect to the Criminal Case and releasing Plaintiff from his

4

allegedly unlawful detainment. As alleged in the Complaint, Plaintiff is a pretrial detainee awaiting trial in the Criminal Case. However, Plaintiff has alleged no extraordinary circumstances in his Complaint or supplemental affidavit that would warrant the Court's interference with the Criminal Case. Thus, any claims for relief related to Plaintiff's pending Criminal Case will be dismissed without prejudice pursuant to *Younger*.[1]

### IV. CONCLUSION

Plaintiff cannot obtain relief pursuant to 18 U.S.C. §§ 241 and 242, and his Complaint, therefore, fails to state a plausible claim upon which relief may be granted. Moreover, the Court must abstain from exercising jurisdiction over Plaintiff's claims for relief related to his pending Criminal Case. Accordingly, the Court will dismiss this case without prejudice and without leave to amend as the Court concludes further amendment would be futile.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court shall enter a separate judgment.

Dated this 24th day of June, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court further notes that Plaintiff may only seek his release from confinement through a federal habeas action, not a civil rights action. *Adams v. Agniel*, 405 F.3d 643, 644–45 (8th Cir. 2005) (per curiam) (attack on validity of confinement is properly pursued only through habeas action after exhaustion of state remedies).